## Case No. 9,516.

### MEYER et al. v. BAILEY et al.

[2 Ban. & A. 73; [1] 8 O. G. 437.]

Circuit Court, W. D. Pennsylvania.    May, 1875.

PATENTS—REISSUE—ASSIGNMENT OF TERRITORY—SURRENDER—CONCURRENCE OF OWNERS—RATIFICATION.

1. The bill in this case was brought to restrain the infringement of a reissued patent, the title to which the complainants claimed to own within a specified territory; the defendants demurred to the bill upon three grounds, the second and third of which were: (2) That the infringement complained of was not averred to have been committed within the territory covered by the assignment to the complainants; and (3) that it was not averred that the infringement was committed after the date at which the interest of the complainants in the patent accrued. The bill, after setting out the date of the reissue and the grant of a defined and exclusive territorial interest in it to the complainants, averred, "that the said defendants are now constructing, using, and vending to others to be used and sold, large numbers of hydrants and street washers, in some parts thereof substantially the same in construction and operation as in the said reissued letters patent mentioned, the exclusive right and privilege to make and use which, and vend to others to be used, is thus by law vested in your orators." And further, that the defendants have "made and used, and intend still to continue to make and use, the said improvements in the Western district of Pennsylvania, all of which acts and doings are in violation of the exclusive rights and privileges so as aforesaid vested in your orators, under and by virtue of the said recited reissued letters patent: *Held*. (1) That the averments taken in connection with the statement of the complainants' title, to which they refer, import, necessarily, a charge of infringement after the date of the reissue, and of the grant to the complainants, and within the territory covered by the grant. (2) That they allege infringement at and before the date of the bill, and after the date of the reissue, and the grant within the territory in which the complainants had the exclusive right to make, use, and vend the invention.

2. M., the patentee, assigned to B. his interest in the patent for the state of Pennsylvania, and afterwards reissued the patent. Subsequently to the reissue, B. assigned his title to a certain territory in the state of Pennsylvania, under the reissued patent, to the complainants, who filed a bill against the defendants. The defendants demurred to the bill on the ground that B.'s interest was outstanding at the time of the surrender by the patentee, and that he did not appear to have been a party or to have assented to or approved of the surrender, and that therefore the reissue was void: *Held*, that B. was not an assignee within the meaning of the statute, and it was not therefore necessary for him to join in the surrender in order to give validity to the reissued patent.

3. The concurrence in the surrender of a patent by a transferee of an interest in it who is not an assignee within the meaning of the stat-

---

[1] [Reprinted from 2 N. B. R. 422 (Quarto 137), by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ute, is not essential to the validity of a reissue of the patent.

4. Under the patent act of 1836 [5 Stat. 117], the thirteenth section of which provides for the surrender and reissue of a patent, if a part of the whole patent has been assigned by the patentee, an efficacious surrender can be made only by the concurrence of both the owners of the patent; but this may be manifested, by the assignee, by his direct co-operation in the surrender or his subsequent ratification of it.

5. If an assignee of a part of the whole of a patent does not join with the patentee in surrendering and obtaining a reissue of the patent, but afterwards accepts the reissue and transfers a part of the interest in it which was originally vested in him by the patentee, this is an expressed ratification by him of the act of the patentee in obtaining the reissue.

[This was a bill in equity by Henry C. Meyer and others against George C. Bailey and others to restrain the alleged infringement of letters patent No. 38,694, granted to J. G. Murdock, May 26, 1863, and reissued May 11, 1869 (No. 3,434).]

W. Bakewell and T. B. Kerr, for complainants.

G. H. Christy, for defendants.

McKENNAN, Circuit Judge. One of the defendants demurs to the bill on three grounds: (1) That the reissue upon which the suit is founded was granted upon a surrender of the original patent by the patentee after he had made an assignment of "the full and exclusive right, title, and interest in and to the said" (original) "letters patent and invention, in and to the state of Pennsylvania," while said assigned interest was outstanding, and it does not appear that the assignee was a party to, or assented to, or approved of said surrender. (2) That the infringement complained of is not averred to have been committed within the territory covered by the assignment to the complainants. (3) That it is not averred that the infringement was committed after the date at which the interest of the complainants in the patent accrued.

Of the last two clauses of demurrer it is sufficient to say that they rest upon too narrow an interpretation of the averment of the bill, and are, therefore, unfounded in point of fact. The bill sets out the date of the reissue and the grant of a defined and exclusive territorial interest in it to the complainants, and then avers "that the said defendants are now constructing, using, and vending to others to be used and sold, large numbers of hydrants and street washers, in some parts thereof substantially the same in construction and operation as in the said reissued letters patent mentioned, the exclusive right and privilege to make and use which, and vend to others to be used, is thus by law vested in your orators." And further, that the defendants have "made and used, and still continue to make and use, the said improvements in the Western district of Pennsylvania, all of which acts and doings are in violation of the exclusive rights and privileges so as aforesaid vested in your orators,

under and by virtue of the said recited reissued letters patent."

Taking these averments in connection with the statement of the complainants' title to which they refer, they import necessarily a charge of infringement after the date of the reissue and of the grant of the complainants, and within the territory covered by the grant. They allege infringement, at and before the date of the bill, and, therefore, after the date of the reissue and the grant, within the Western district of Pennsylvania, "in violation of the exclusive rights and privileges so as aforesaid vested in" the complainants, and, therefore, within the territory in which, as before stated, they were granted the exclusive right to make, use, and vend the invention. This is too clear for contention, and the demurrer, therefore, cannot be sustained on either of these grounds.

The bill avers that the patentee, on the 18th day of September, 1867, "by an assignment in writing, sold, assigned, and transferred unto Augustus Buerkle the full and exclusive right, title, and interest in and to said letters patent, in and to the state of Pennsylvania." The interest thus granted was outstanding at the time of the surrender by the patentee of the patent, and this constitutes the gravamen of the first clause of the demurrer. The 13th section of the patent act of 1836 provides for the surrender of a patent by a patentee, if he is at the time sole owner of the patent, by his personal representative after his death, and by an assignee, when there has been an assignment of the original patent. If a part of the whole patent has been vested in another so as to constitute such an assignee within the meaning of the act, an efficacious surrender can be made only by the concurrence of both the owners of the patent; but this may be manifested by the assignee by his direct co-operation in the surrender, or his subsequent ratification of it. The bill does not aver that Buerkle, the assignee, joined in the surrender of the original patent; but it does aver a fact from which his adoption and ratification of the act of the patentee, in making the surrender, is conclusively deducible. He accepted the reissued patent, and transferred to the complainants a part of the interest in it which was originally vested in him by the patentee. There could be no more expressive form of ratification by him of the act of the patentee. This is set out in the bill and is sufficient, in any aspect, to avert the objection to the validity of the reissue. But if this were not so, he was not an assignee within the contemplation of the act, whose concurrence in the surrender of the original patent is required to give validity to the reissued patent.

What is meant by an assignee seems now to be settled by repeated adjudication, and by the explicit definition of the act of 1836. In Tyler v. Tuel, 6 Cranch [10 U. S. 324], it was held, under the act of 1793 [1 Stat. 318], that one to whom was transferred all the rights

secured by a patent, excepting certain counties in the state of Vermont, was not an assignee within the meaning of the law, but a mere grantee of a sectional interest in the patent; and in Whittemore v. Cutter [Case No. 17,600], it was held that the transferee of an undivided part of an entire patent was an assignee. From these decisions it results that only a person who is invested with the entire ownership of a patent or an undivided part of the whole is to be regarded as an assignee. Such, also, is the import of the act of 1836, in the 11th section of which it is provided that "every patent shall be assignable in law, either as to the whole interest or any undivided part thereof, by any instrument in writing," and this assignment, "and also every grant and conveyance of the exclusive right under any patent to make and use the thing patented within and throughout any specified portion of the United States, shall be recorded," etc. The distinction established by previous judicial decisions between an assignee and the grantee of a sectional interest in a patent is evidently contemplated by this section, as it is also by the 14th section, which authorizes the bringing of suits by "patentee, assignee, or grantee of the exclusive right within and throughout some specified part of the United States." It is, therefore, properly determined, in Potter v. Holland [Case No. 11,329], that: "An assignee is one who has transferred to him in writing the whole interest of the original patent, or an undivided part of such whole interest in every portion of the United States. And no one, unless he has such an interest transferred to him, is an assignee. A grantee is one who has transferred to him in writing the exclusive right, under the patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout some specified part or portion of the United States."

Now it has been seen that besides the patentee and his personal representatives, an assignee only is authorized to surrender a patent and obtain a reissue. It is a plain sequence from this that the concurrence in the surrender of a patent by a transferee of an interest in it, who is not an assignee within the meaning of the statute, is not essential to the validity of a reissued patent.

Was Buerkle, then, such an assignee as the statute contemplated? Evidently he was not. The transfer to him embraced only the state of Pennsylvania, and within its limits his interest was exclusive. He was therefore not an assignee within the statutory definition, but merely a grantee of an exclusive right under the patent to make and use the thing patented within and throughout a specified part or portion of the United States, and it was not necessary to aver that he united with the patentee in the surrender of the original patent. The demurrer must, then, be overruled, and the defendant ordered to answer.